# CASES

## ARGUED AND DETERMINED

#### IN THE

# SUPREME COURT OF MINNESOTA.

## IN JULY SPECIAL TERM, 1856.

---

GEO. L. BECKER, Plaintiff in Error, *vs.* THE SANDUSKY CITY BANK, Defendant in Error.

Where a demurrer to an answer was sustained, and the Defendant filed an amended answer, he cannot, upon Writ of Error, re-examine the original demurrer, as he waives all objections to the order sustaining the same by answering over.

Equities existing between the original parties to a note, which originated subsequent to the endorsement thereof to the holder, cannot be set up as a defense by the maker against the holder.

WRIT OF ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

The Plaintiffs, the Sandusky City Bank, brought their action to recover the amount of two promissory notes made by the Defendant, George L. Becker, payable to the Columbus Insurance Company, and by them endorsed to the Plaintiffs. The notes were dated the 6th of September, 1851, each for the sum of $327, and interest, and payable in three and four months, respectively.

The answer of the Defendant set forth that the Columbus Insurance Company, the payee of the note, was an incorporated Company, doing business in the State of Ohio, and that by virtue of their Charter, they had power to insure property against loss or damage by fire, &c., and that the powers and duties of said Corporation were expressly limited to that busi-

ness. That it was a part of their Charter that they should not employ any part of their capital stock in the trade or business of Exchange Brokers, nor emit bills of credit, &c., and that they had no power or authority to sign, endorse, deliver or otherwise circulate or transfer the notes mentioned in the Complaint.

A demurrer to this answer was interposed by the Plaintiffs, which was sustained, with leave to answer over.

The amended answer of the Defendant set forth that at the time of the endorsement and delivery of the notes, the Columbus Insurance Company was indebted to the Plaintiff in an amount greater than the amount of the notes, and that they were indorsed and delivered as collateral security for the amount then due from the Columbus Insurance Company to the Plaintiff, and further, that the notes were given by the Defendant to the Insurance Company for premiums upon policies of Insurance issued by the Defendant as the agent of the said Columbus Insurance Company at Saint Paul, and such premiums were the sole consideration of the said notes. That the policies of insurance for premiums upon which the said notes were given, were at the time when the notes were given, outstanding and unexpired. That soon after the said policies of insurance were issued, and about the 3d day of October 1851, the said Columbus Insurance Co., failed and became entirely insolvent, and the said policies of insurance became entirely worthless. That after such failure, and on the 21st October 1851, the Insurance Co., instructed the Defendant by letter of that date, to return the premiums for the unexpired term of any policies issued by the Defendant, to the holders of such policies.

That such premiums amount to $467,07, with interest from October 21, 1857, which sum the Defendant agreed to become liable to pay to the holders of said policies pursuant to said instructions, and would have paid to them but for this suit.

The Plaintiff demurred to the amended answer, for causes which will appear in the points presented by the Plaintiff in error, and from the opinion of the Court. The demurred to the amended answer was sustained and the Defendant sued out his writ of error.

The following are the points and authorities relied upon by the Plaintiff in error:

Becker *v.* The Sandusky City Bank.

*First.* That the Court erred in sustaining the demurrer to the original answer of the Defendant and in the order thereon made January 30th, 1855:

1st. Because it did not appear that there had been a valid transfer of said notes by the Columbus Insurance Co., to the Plaintiff.

2d. Because under the charter of the said Columbus Insurance Company; it appeared that it was not authorized to endorse, transfer, or negotiate the said notes.

*Second.* That the Court erred in sustaining the demurrer to the amended answer of the Defendant and in the order made on September 5, 1855:

1st. Because it does not appear that the Columbus Insurance Company transferred the said notes to the Plaintiff.

2d. Because it appears that the said notes were not transferred in the usual course of business.

3d. Because it does not appear nor is there any presumption that the Plaintiff was a holder of said notes for value.

4th. Because it appears that the said D. Adams endorsed and delivered said notes as collateral security for a precedent debt due by the Columbus Insurance Company to the Plaintiff and that the Plaintiff has no claim to said notes except as such collateral security.

5th. Because the consideration of said notes were premiums for insurance effected in said Company, and the policies issued thereon became valueless by reason of the failure of the Company, which happened before the maturity of the notes—and the Defendant was liable to the policy holders for the amounts paid by them to him for the unexpired insurance in the amount stated in his answer—whereby the consideration of said notes had failed, *pro tanto,* and the Defendant had a just defence.

6th. Because no notice of said defence was necessary.

7th. Because the time of transfer of the notes did not prejudice said defence.

*Third.* The Court erred in deciding the allegation in the Defendant's amended answer, to wit: " And if the said notes were endorsed and delivered by the payee thereof to the Plaintiff," &c., as hypothetical and objectionable on demurrer.

1st. Because the same was not inconsistent with any part of the defence.

2d. Because the expression " if," &c., aforesaid was merely cautionary and introduced to exclude a waiver of the Defendant's traverse (through want of knowledge or information sufficient to form a belief) in his original answer—of the authority of D. Adams to transfer or endorse said notes and the validity of any transfer by the Insurance Co.

*Fourth.* The Court erred in directing judgment, because the question of D. Adams' authority to transfer said notes was an issue of fact as well as of law undetermined in the cause, and the amended answer did not waive the issue of fact, but was only an amendment to the new matter demurred to.

AUTHORITIES :

As to the 1st error assigned and the points thereunder spec - ified :

*Kent's Commentaries,* 2 *Vol.,* 298, (2nd ed.); *ibid* 1 *Vol.,* 407–8; *People vs. Utica Ins. Co.,* 15 *Johns. R.,* 358; *N. Y. Fire Ins. Co., vs. Sturges,* 2 *Cowan,* 644; *N. Y. Fire Ins. Co., vs. Ely,* 2 *Cowan,* 678; 5 *Conn.,* 560; *North River Ins. Co. vs. Lawrence,* 3 *Wend.,* 484; *Sec.* 8 *of Act incorporating the Columbus Ins. Co., recited in the answer, and the Charter of the said Company therein referred to. Chitty on Bills, p.* 252, *Ed.* 1836; *Savage vs. King,* 5 *Shep.,* 301, 2nd *Vol.; Supplement U. S. Digest* § 225, *p.* 612; *Peaslee vs. Robbins,* 3 *Met.,* 164; *ibid. Sec* 232, *p.* 612; *Taft vs. Brewster,* 9 *Johns.* 334; *Angel & Ames on Corp'n, p.* 140, (*Ed.* 1832.)

As to the 2nd error assigned and the points thereunder specified :

*Story on Bills, Sec.* 419; *Chitty on Bills, Chap.* 9, *page* 433, (8th *Ed.* 1833;) *Peters vs. Beverly,* 10 *Peters,* 567; *Sheehy vs. Manderville,* 6 *Cranch,* 253; *Wallace vs. Agy,* 4 *Mason,* 142; *Van Ostrand vs. Rud,* 1 *Wend.,* 424; *Burdick vs. Green,* 15 *Johns.,* 247; *Coddington vs. Bay,* 20 *Johns.* 637; *Jones vs. Swan,* 6 *Wend.,* 589; *Wardell vs. Howell,* 9 *Wend.,* 170; *Stalsler vs. McDonald,* 6 *Hill,* 93, 95; *Tappen vs. Van Wagenen,* 3 *Johns.* 465.

As to the 3rd error assigned and the points thereunder specified:

*Revised Statutes, p.* 337, 338, *Secs.* 66, 69 ; *Revised Statutes, Sec.* 76 *of Amendments; Appendix, p.* 9 ; *Whittaker's Pr., Vol.* 1, 324, *and authorities cited; Porter vs. McCreedy,* 1 *Code R. U. S.,* 88 ; *Ostrom vs. Bixly,* 9 *Howard Pr. R.,* 57, 59 ; *Howell vs. Frazier,* 1 *Code R. N. S.,* 270 ; *Burnap vs. Halloran,* 1 *Code R.,* 51 ; *Clark vs. Harwood,* 8 *How. Pr. R.* 471 ; *Smythe vs. White,* 6 *How. Pr. R.* 324 ; *Sayles vs. Wooden,* 6 *How.,* 391 ; *Boyce vs. Brown,* 3 *How.,* 391 ; *McMurray vs. Thomas,* 5 *Cow.,* 14.

As to the 4th error assigned and the points thereunder specified:

*Sec.* 90 *Revised Stat.,* 340 ; *Snyder vs. White,* 6 *How. Pr. R.,* 321 ; 1 *Daniel's Chancery Pr., Sec.* 8, *p.* 508–9 ; 1 *Ame. Ed., p.* 300 ; *Snyder vs. White,* 6 *How. Pr. R.* 321.

The following are the points and authorities relied upon by the Defendant in Error :

*First.* The Defendant below having availed himself of the right to serve an amended answer, cannot question the propriety of the Court below in sustaining the demurrer to the original answer. *Rev. Stat., p.* 340, *Sec.* 89 ; 14 *Ohio Rep., p.* 204 ; 2 *Wend., p.* 137 ; *Coit vs. Waples & Zerkle, Ante,* 134.

*Second.* Corporations can transfer and negotiate bills of exchange and promissory notes. 1 *Denio Rep., p.* 608 ; *Bayles on Bills,* 67, 68 ; *Chitty on Bills,* 15, 16, *and notes,* 10 *Am. Ed.;* 1 *Kernan Rep., p.* 200, *Babcock vs. Beman;* 1 *Cow. Rep., p.* 513, *Mott vs. Hecks.*

*Third.* It is unnecessary to give a corporation express authority to negotiate notes; they have that authority unless it was expressly prohibited. (See authorities above cited.) 3 *Wend. Rep., p.* 94, *Barker vs. Mec. Ins. Co.;* 10 *Wend. Rep., p.* 341, *Welmarth vs. Crawford;* 15 *John. Rep.,* 44, *Mann vs. Commission Co.*

*Fourth.* The possession of a note by an endorsee is evidence *prima facie* that he is a holder for value. *Chitty on Bills, p.* 424, *and notes,* 10 *Am. Ed.; Pratt vs. Adams,* 7 *Paige Rep., p.* 616 ; *Lord vs. Appleton,* 15 *Maine Rep., p.* 270 ; *Rev Stat., p.* 483, *Sec.* 85.

*Fifth.* A note transferred before maturity as a collateral security, is good in the hands of an innocent holder, against the maker, and the maker is not entitled to the benefit of any equities arising in the inception of the instrument, except in cases of fraud. 16 *Peters' Rep.*, *p.* 1; 2 *Hill*, *p.* 140; *Chitty on Bills*, *p.* 74, 10 *Am. Ed.;* 4 *Bing.*, 496; 6 *Wend.*, 615.

*Sixth.* If, under any circumstances, the maker would be entitled to equities, where the *note was held as a collateral security*, those equities must have existed at the execution of the note, and in the subject matter for which the note was given. Furthermore, the equities must have arisen between the parties before and prior to the transfer of the note. 2 *Hill Rep.*, *p.* 140, *Manhattan Co., vs. Reynolds;* 1 *Sand. Sup. Ct. Rep.*, *p.* 53, *Farniss vs. Gilchrist.*

*Seventh.* The amended answer is hypothetical and therefore bad on demurrer. 5 *How. Pr. R.*, *p.* 111; 6 *How. Pr. R.*, *p.* 59, 65–6; 6 *How. Pr. R.*, *p.* 84; *Whit. Pr.*, *p.* 164, (*1st Ed.*); *Van Sand. Pl.*, *p.* 201, *Chap.* 4, *Sec.* 2; *Stephen Pl.*, *p.* 387; 1 *Chit. Pl.*, *p.* 236–7.

HOLLINSHEAD & BECKER, Counsel for Plaintiff in Error.

EMMETT & MOSS, Counsel for Defendant in Error.

*By the Court*—SHERBURNE, J. This is a demurrer to the Defendant's amended answer. The first point made by the Plaintiff in Error, (the original Defendant,) is, that the Court erred in sustaining the demurrer to the original answer. It is too late to make this point. It was waived by answering over. This question was made in this Court in the case of Coit against Waples and Zirkle, (*Ante, p.* 134,) in which it was held that a party so situated cannot re-examine, in this Court, the original demurrer.

It is said in argument that that portion of the original answer which was not demurred to, is still before the Court, and is to be taken in connection with the amended answer now demurred to. But I think otherwise. The Defendant must be confined to his amended answer. Such is the practice

which has been pursued heretofore, and any other would lead to uncertainty and confusion. Such was, undoubtedly, the design of the pleader who drew the amended answer; for he calls it "The amended answer of George L. Becker, Defendant in the above entitled action, to the complaint of the Plaintiff therein." This language necessarily excludes the idea that the pleader intended to rely upon any portion of the former answer. I do not mean to decide that the Defendant could not have filed an amendment to the original answer, and have saved that portion of it which was not demurred to; but whether he could or could not, is immaterial, for in this case it was not attempted.

This action is founded upon two promissory notes alleged to have been given by the Defendant to the Columbus Insurance Company, on the 6th day of September, 1851, and at the same time endorsed by that Company to the Plaintiff. The amended answer avers, in substance, that at the time of the alleged indorsement of the notes aforesaid to the Plaintiff, the Columbus Insurance Company was indebted to the Plaintiff in a sum greater than the amount of the notes, and that if the notes were so endorsed, they were endorsed as collateral security for the payment of the indebtedness of the Columbus Insurance Company to the Plaintiff; that the notes were given by the Defendant to said Company on account of premiums upon policies that the Defendant had issued as the agent of said Company ; that on or about the 3rd day of October, 1851, said Insurance Company failed, and said policies of insurance became worthless; that on the 21st day of said October, said Company instructed the Defendant to return the premiums to the policy holders for the unexpired term of the policies, amounting to $467,07, "which sum the Defendant agreed and became liable to pay to the said holders of said policies," and holds said sum subject to the determination of this action.

Waiving the objection as to the form of the answer, and admitting that the defence would be good as between the Insurance Company and the Defendant, is it good as against the present plaintiff ?

The question principally discussed by counsel as to whether

a negotiable note endorsed to a third party as collateral security for the payment of a pre-existing debt, is subject to the equities between the original parties, at the time of the endorsement is not presented by these pleadings. If the pleadings show anything as to time, they show that the endorsement and delivery of the notes to the Plaintiff were made prior to the failure of the Insurance Company. The Complaint alleges the endorsement and delivery of the note to have been made at the time the note was executed. This allegation is ordinarily in the old practice a mere matter of form, and it may have been so considered by the counsel who drew the complaint. But, however this may be, I cannot presume that it is false, and that the endorsement was made subsequent to the failure of the Company, while the complaint and answer show the contrary, although in language which may be considered matter of form; especially when it is considered that under our present practice, matters of form are excluded and the pleader is bound to state only facts.

But even if the pleadings fail to define the time of these transactions, the defence is left in no better condition; because if the Defendant would avail himself of the fact that the Columbus Insurance Company had failed prior to the endorsement of the notes, his answer must set up that fact affirmatively or it must appear distinctly from all the pleadings together.

The question for consideration then is, can a defence be set up in this action originating between the original parties to the note, subsequent to the endorsement thereof to the Plaintiff?

I do not find that such a defence has ever been sustained in a single instance, but the contrary doctrine has often been held. 1 *Sanford's Reps.*, 56, *Farniss vs. Gilchrist.*

So far as appears from the pleadings, neither the Defendant nor the policy holders, at the time of the endorsement, had any defence to an action upon these notes, if they had been then due, either equitable or otherwise. The Plaintiffs, if the notes had been due, could have brought their action and the facts which are now set up in the defence could not have been interposed, because at that time they did not exist. If acts arising subsequently can be set up in defence, then the endorsee takes

the negotiable paper subject to any future discharge of the maker by the endorser. The endorser will then have it in his power, at any time, at least before the note matures, and notice to the maker, to make it valueless in the hands of his own endorsee, by his own act subsequent to the endorsement. Such a doctrine cannot be sustained upon authority or reason.

I commenced an examination of this case under a full conviction that the answer would also be bad as to any equities between the original parties prior to the endorsement; that the law was as laid down by Judge Story in *Swift against Tyson*, 16 *Peters' Reps.*, 1. But a careful examination of the authorities leads me to doubt the correctness of that opinion upon this point. The authorities cited by Judge Story to sustain his view upon this point in that case will be found, with a very few exceptions, based upon an endorsement of negotiable paper, as *payment* of an antecedent debt, and not as *collateral security* for the payment. It should be recollected that in the case of *Swift vs. Tyson*, the bill of exchange was endorsed in *payment* of an antecedent debt, and not as collateral security; and that so far as the opinion relates to an assignment as collateral security, it is foreign to the question which was before the Court, and "its weight of reaon must depend upon what it contains." *See Carroll vs. Lessee of Carroll et al*, 16 *How. U. S. Rep.*, 287. But even as the mere *dictum* of Judge Story, I would not presume to dissent from it without very strong reasons or the support of high authority.

The opinion, however, has been reviewed by Chancellor Walworth in the case of *Stalker vs. McDonald*, 6 *Hill Rep.*, 93, in which it seems to me to be clearly shown that the *dictum* of Judge Story cannot be supported as sound law.

If the allegation in the answer, that the Defendant had promised to pay the policy holders the amount in dispute, is necessary to enable him to support his defence, it is also necessary that the promise should appear to have been made prior to the commencement of this action.

It is unnecessary to notice the other points made, as the judgment below must be affirmed.